UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>    Plaintiff,<br><br>    v.<br><br>B. SMITH, et al.,<br><br>    Defendants. | No. 2:19-cv-1027 JAM CKD P<br><br>ORDER |

    Plaintiff is a California prisoner proceeding pro se with a civil action. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff has requested leave to proceed in forma pauperis. Title 28 U.S.C. § 1915(g) reads as follows:

> In no event shall a prisoner bring a civil action . . . [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

    A review of records from this court reveals that, while plaintiff was incarcerated and before this action was filed, the following actions brought by plaintiff were dismissed for failure to state a claim upon which relief may be granted: Trujillo v. Sherman, No. 1:14-cv-1401 BAM;

////

1

Trujillo v. Ruiz, No. 1:14-cv-0975 SAB; and Cruz v. Gomez, No. 1:15-cv-0859 EPG.[1]  There is no allegation by plaintiff that he is under imminent danger of serious physical injury.

In light of the foregoing, plaintiff's request for leave to proceed in forma pauperis will be denied.  Plaintiff will be granted fourteen days within which to pay the filing fee for this action.  Failure to pay the filing fee within fourteen days will result in a recommendation that this action be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 16) is denied.

2. Plaintiff is granted fourteen days within which to pay the $400 filing fee for this action.  Failure to pay the filing fee within fourteen days will result in a recommendation that this action be dismissed.

Dated:  September 3, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
cruz1027.3k

---

[1]  The court notes that all three of these actions were dismissed by magistrate judges where only plaintiff consented to the magistrate judge.  The Ninth Circuit recently held although there is no longer a "dispute that a magistrate judge lacks the authority to dismiss a case unless all parties have consented to proceed before the magistrate judge," a prisoner plaintiff "cannot escape" the 28 U.S.C. § 1915(g) consequences of such a dismissal "through an untimely collateral attack."  Hoffman v. Pulido, 928 F.3d 1147, 1150-51 (9th Cir. 2019).